IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN PERRY CHANEY,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Defendants.  ) | Case No. CIV-09-607-F |

## REPORT AND RECOMMENDATION

Plaintiff, who signed his "Civil Action" as John-Perry ben Birdsall-Perry in care of John Perry Chaney, and mailed it in an envelope bearing the return address of the Utah State Prison in Draper, Utah, has filed this matter against the United States of America, "the Aggrievers." [Doc. No. 1]. By order of United States District Judge Stephen P. Friot, the matter was referred to the undersigned Magistrate Judge for preliminary review in accordance with 28 U.S.C. §636 [Doc. No. 4].

## Standard for Initial Screening

"The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. 1915A(a). It is the responsibility of the court to dismiss a claim at any time if it determines that the action is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks relief from an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For § 1915 purposes, a claim is frivolous if it lacks an arguable basis in law or fact. *Phillips v.*

*Carey*, 638 F.2d 207, 208 (10th Cir. 1981); *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)).

**Plaintiff's "Civil Action"**

Within his "Civil Action," Plaintiff included a request that he be permitted to proceed without the prepayment of fees and attached a copy of a recent Utah Department of Corrections statement showing his account balance. *Id.* at 1. Because Plaintiff's *in forma pauperis* motion is not on a proper form, the undersigned screened the "Civil Action," in part, to determine the relief sought in order to direct Plaintiff to the documents necessary for a proper *in forma pauperis* motion. The undersigned, however, was unable to determine the nature of Plaintiff's action. Variously, he states that he has "ma[de] . . . this Instrument for the due Redress of the Griefs and Wrongs in the commission by those hirelings (elective and appointive) of USOA; and for the due and just Indemnification; and for the due and just Protection against certain repitition [sic] by said hirelings absent such Protection," *id.,* that he is "suffering under false-arrest thru false-imprisonment," *id.,* that he is being held "in the most oppressive solitary confinement," *id.,* that he lacks access to legal resources, *id.,* that he cannot walk without the use of walker and must "flop [him]self" over a filthy floor in order to post his legal mail, *id.,* that he filed an action in "this Court, the Fed. Dist. Court in [Utah] having forbidden [him] to file anything without their prior approval, which of course would never be given [him]," *id.* at 4, that "[t]his court" transferred the petition to Utah,[1] *id.,*

---

[1]A review of filings in the Western District of Oklahoma reveals that Plaintiff filed a petition
(continued...)

that the "USOA et al have no legitimate claim upon me," *id.,* that he has been held naked, starved, and dehydrated, *id.,* that he suffers from dental problems and physical abuse, *id.,* "that the USOA hirelings have created this mess and are 100% Responsible for it," *id.,* that [it] is for the instant remedy of the 'Great Writ' the Constitution prohibits Government from suspending," *id.,* that "I Demand that I be immediately freed and allowed to prosecute this Case from Oklahoma - Republic, where my parents live," and, that "I lay claim to indemnification in the Coin of USOA [and] . . . the sum far exceeds millions of dollars. . . ." *Id.*

**Analysis**

For purposes of the requisite screening and without consideration of other potential defects appearing in the "Civil Action," to the extent Plaintiff is advancing a petition for writ of habeas corpus in this district, his "Civil Action" – and the records of this court, *see* n.1 – reveal that he is neither confined in this district nor was he convicted or sentenced here. Thus, even if Plaintiff were given the opportunity to amend to properly name a respondent – that is, his custodian[2] – other than the United States, this court is without jurisdiction over the case. *See also* 28 U.S.C. § 2241; *Story v. Collins,* 920 F.2d 1247, 1250-51 (10th Cir. 1991). To the extent Plaintiff is seeking damages for the violation of his civil rights due to

---

[1](...continued)
for a writ of habeas corpus challenging a conviction by a state court in Utah. *See Chaney v. Friel,* CIV-06-1197-R. Because the named respondent/custodian was not subject to jurisdiction in this district, United States District Judge David L. Russell ordered the transfer of the petition to the District of Utah [Doc. No. 14].

[2]*See Rumsfeld v. Padilla,* 542 U.S. 426, 444 (2004).

the conditions of his confinement, his "Civil Action" once again demonstrates that he is not complaining of the violation of such rights by federal officers while confined in this district,[3] and no manner of amendment could vest this court with *in personam* jurisdiction over those state actors – actors who have neither purposeful nor continuous and systematic contacts within Oklahoma[4] – who are responsible for Plaintiff's conditions of confinement in a Utah correctional facility.

The undersigned recommends that Plaintiff's "Civil Action" be dismissed on filing; his only purported bases for jurisdiction in this district – that he was once held by federal marshals in Oklahoma City [Doc. No. 1, p. 2] and that his parents live in Oklahoma, *id.* at

---

[3]In his jurisdictional statement, Plaintiff asserts that "'[f]ederal marshals' did participate in abducting and transporting and holding me in their facilities in Chicago, Illinois; Oklahoma City, Oklahoma; Salt Lake City, 'Utah'; also in Colorado and other landings of their aircrafts." [Doc. No. 1, p. 2]. Plaintiff's Civil Action makes no claim for relief arising from these allegations against any federal officer under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), nor would such a claim be sustainable as the result of the expiration of the statute of limitations. According to the "Civil Action," Plaintiff was taken from Michigan to Utah in 1995, and was imprisoned thereafter [Doc. No. 1, p. 3]. (In addition, Plaintiff states in his petition for habeas corpus, *see* CIV-06-1197-R, United States District Court for the Western District of Oklahoma, Doc. No. 1, that he was sentenced in Utah to three life terms for the rape of a child on November 25, 1997.) A *Bivens* action is subject to the limitations period for personal injury actions "in the state where the cause of action accrues." *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007). In Oklahoma, this period is two years. See *Alvarez v. Gonzales*, 155 Fed. Appx. 393, 397 ( 10th Cir. Nov. 10, 2005) (unpublished op.) (stating that the limitations period is two years for a *Bivens* action arising in Oklahoma).

[4]The requisite minimum contacts standard may be satisfied by a court's exercise of either specific or general jurisdiction. *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1532-33 (10th Cir. 1996). Specific jurisdiction exists if a "defendant has 'purposefully directed' his activities at residents of the forum. . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (citations omitted). General jurisdiction, on the other hand, may be exercised if a defendant's contacts have been both continuous and systematic. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453,455 (10th Cir. 1996).

4 – are legally frivolous. Plaintiff cannot maintain a cause of action in this forum for the issues asserted in his "Civil Action," and the matter should be summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, it is the recommendation of the undersigned that Plaintiff's "Civil Action" be dismissed upon filing. Plaintiff is advised of his right to object to this Report and Recommendation by the 8th day of July, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The objections should be filed with the Clerk of this Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 18th day of June, 2009.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE